# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-551V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ILUMINADA CASILLAS, | \* |
| | \*    Filed: December 4, 2015 |
| Petitioner, | \* |
| | \*    Decision by Stipulation; Damages; |
| v. | \*    Influenza (Flu) Vaccine; Weakness; |
| | \*    Fatigue; Abnormal Gait; Attorney's |
| | \*    Fees & Costs |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Donald Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES AND ATTORNEYS' FEES[1]

On August 6, 2013, Petitioner Iluminada Casillas filed an action seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffered weakness, fatigue, and an abnormal gait as a result of receiving an influenza ("flu") vaccine on January 11, 2013.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denies that Ms. Casillas' weakness or any related medical problems were caused by her receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed December 4, 2015 that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) A lump sum of $25,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 8 (ECF No. 45).

The parties also filed on December 4, 2015, another stipulation with respect to attorney's fees and costs. Upon review of the stipulation, I conclude that the amount to be awarded to Petitioner's counsel is reasonable, and I therefore adopt the stipulated award as my decision:

b) A lump sum of $33,000.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, for [all] attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).

Stipulation for Fees ¶ 5 (ECF No. 46).[3]

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In addition, I also approve of the attorneys' fees and costs in the requested amount to be made payable to Petitioner and Petitioner's counsel. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] This section of the stipulation also contained a statement in accordance with General Order No. 9 of the Vaccine Program indicating that Petitioner had incurred no reimbursable costs in pursuit of her claim.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.